IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 0 7 2000

JAMES W. McCORMACK, CLERK

By: _____ DEP.CLERK

BEVERLY HUGHES                                                      PLAINTIFF

VS.                     CASE NO. 4:00CV0128 SMR

CITY OF SHERWOOD, ARKANSAS
and JAMES C. CROCKETT, Individually
& in his official capacity as Chief of Police
for the City of Sherwood, Arkansas                    DEFENDANT

## AMENDED COMPLAINT

Come now the Plaintiffs, by and through her attorney, Robert Newcomb, and for her Complaint, states:

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1343 and 28 U.S.C. 1367 to enforce rights granted the Plaintiff pursuant to A.C.A. a; 42 U.S.C. § 2000, Title VII of the Civil Rights Act of 1964, as amended; and 42 U.S.C. § 1983.

### FACTS

2.   The Plaintiff, is a female resident and citizen of the State of Arkansas, residing in Pulaski County, Arkansas.

3.   The City of Sherwood is a municipality organized under the laws of the State of Arkansas and is located in Pulaski County, Arkansas.

4.   Defendant, James Crockett, who is sued individually and in his official capacity, is a resident of Pulaski County, Arkansas, is Chief of Police for

the City of Sherwood, Arkansas; and the acts complained of herein were done under color of state law.

5. Pursuant to the Arkansas Civil Service Statute, the final policy maker for the City of Sherwood concerning hiring of police officers is Defendant, James Crockett.

6. The Sherwood Police Department operates pursuant to the provisions of the Arkansas Civil Service Statute, A.C.A. 14-51-201, et seq.

7. The hiring of police officers by the City of Sherwood is governed by the provisions of A.C.A. 14-51-301 (b)(6), providing that the department head shall select for appointment from the 3 standing highest on the eligibility list.

8. The Plaintiff was ranked third on the eligibility list for patrol that was certified by the Sherwood Civil Service Commission on May 3, 1999.

9. The Plaintiff has a bachelor's degree in business administration from Arkansas State University.

10. The Plaintiff is better qualified than any individual that the Defendant, James Crockett, has hired from the eligibly list that was certified on May 3, 1999.

11. The Plaintiff has not been hired while Defendant James Crockett has hired 3 individuals, 2 of which were males who did not stand among the 3 highest on the eligibility list at the time of their selection.

12. At the time of the selection of the 4 individuals, the Plaintiff stood highest on the list for hiring while Joshua Adams, Clifford Manek, Roylett

Williams and Craig Grisham did not stand among the three highest on the eligibility list when hired.

13.     The Plaintiff was not hired because she is a female and the City of Sherwood has historically had a pattern and practice of having a low number of female police officers.

14.     The City of Sherwood has historically had few, if any, black police officers.

15.     The Defendant, James Crockett, suspended the Plaintiff for 15 days within pay in November 1999, because she hung up the 911 line when an individual who was known to be a drunk continued to call it instead of the non-emergency line after being told to call the non-emergency line. The Plaintiff was suspended solely because she was a female, while male officers who had committed acts similar to or worse than the Plaintiff have not been suspended or similarly punished because they were males.

16.     The Plaintiff was suspended for 5 days in June, 1999, for washing her car while on duty with her supervisor watching her.  the supervisor was a male.  Male officers and employees have also performed cleaning of their cars while on duty without being suspended.  The male supervisor who observed and did not comment upon the Plaintiff washing her car was not disciplined where if the conduct of the Plaintiff was improper, then the male supervisor's failure to take action was dereliction of duty.

17.     The Plaintiff was terminated from employment with the City of Sherwood on March 27, 2000, by Defendant James Crockett.

18. The Defendant, James Crockett, is a policy maker for the City of Sherwood concerning termination of police department employees.

19. The Defendant, James Crockett, has not fired male officers who have committed rule violations more serious than the Plaintiff, including Reggie Koch and Darren Fihrmin.

20. The Defendant did not fire Darren Fihrmin who took possession of another person's property in such a manner that it would reasonably be believed that he intended to deprive the true owner of the property.

21. The Defendant, James Crockett, did not fire Reggie Koch, who caused a subpoena to be issued for a woman in retaliation for her complaining about her performance as a police officer.

## LEGAL CLAIMS

22. The actions of the Defendant, City of Sherwood, in failing to hire the Plaintiff as a police officer violated the rights granted to her under Title VII of the Civil Rights Act of 1964, as amended, to be free from dicrimination based on sex in the terms and conditions of employment.

23. The Plaintiff has met all prerequisites for the filing a suit under Title VII of the Civil Rights Act of 1964, as amended, by timely filing charge number 25A00344 with the EEOC and receiving a right to sue letter on January 19, 2000, from the EEOC, copies of which are attached hereto as Exhibits A and B.

24. The actions of Defendant Crockett in failing to hire the Plaintiff because of her sex deprived the Plaintiff of rights secured to her by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United

States to be free from discrimination based on sex, in violation of 42 U.S.C. § 1983.

25. The actions of Defendant Crockett in acting under color of state law in failing to hire the Plaintiff as a police officer because of her sex denied her of equal protection as granted to her by the Constitution of the State of Arkansas, and said actions of Defendant Crockett were in violation of A.C.A. 16-123-105.

26. The actions of Defendant Crockett in hiring individuals as patrol officers who did not stand among the highest three on the eligibility list for hiring violated the provisions of A.C.A. 14-51-301.

27. As a direct and proximate result of the actions of the Defendants, the City of Sherwood and James Crockett, the Plaintiff has suffered emotional distress, embarrassment and humiliation, and loss of pay warranting the imposition of compensatory damages in an amount to be determined by a jury.

28. The actions of Defendant Crockett, in violating the rights, privileges and immunities secured to the Plaintiff by the Constitution of the State of Arkansas and the Constitution of the United States warrant the imposition of punitive damages in an amount to be determined by a jury.

29. The actions of the City of Sherwood in denying the Plaintiff employment as a patrol officer because of her sex in violation of A.C.A. 16-123-107 warrants the imposition of punitive damages in an amount to be determined by a jury.

30. This Court should enter an order directing the Defendants to hire the Plaintiff as a patrol officer and place her in her rightful position.

31.  This Court should enter a declaratory judgment declaring the actions of James Crockett in hiring individuals in violation of A.C.A. 14-51-301 as null and void and order that the Plaintiff be hired as a patrol officer.

32.  This Court should enter an order declaring that the individuals hired by the Defendant, James Crockett, be terminated. They have no property rights in their present jobs since they have not served one year.

33.  This Court should award attorney's fees as authorized by 42 U.S.C. § 1988 and A.C.A. 16-123-107.

34.  The termination of the Plaintiff was in retaliation for her having filed a claim for sex discrimination in violation of the provisions of 42 U.S.C. § 2000, et seq., prohibiting retaliation for which this Court should order her reinstatement, back pay wages, and compensatory damages for humiliation, embarrassment, mental anguish.

35.  The Plaintiff has completed all necessary prerequisites for filing a retaliation claim in that she timely filed charge number 251A00686, attached hereto as Exhibit C.

36.  The Plaintiff received a right to sue letter and this action is filed prior to 90 days from the expiration of the issuance of the right to sue letter. A copy of said letter is attached hereto as Exhibit D.

37.  The Court should enter judgment against the Defendants for wanton and willful violation of A.C.A. 16-123-107 for having retaliated against the Plaintiff for asserting her rights under the Arkansas Civil Rights Act.

38. This Court should award reasonable compensatory damages for back pay, lost back pay, humiliation, embarrassment, and mental anguish for the Plaintiff's retaliation against her for asserting her rights under the Arkansas Civil Rights Act.

### JURY TRIAL DEMAND

39. The Plaintiff requests a trial by jury on all issues submissable to a jury.

WHEREFORE, it is respectfully prayed that this Court will grant the Plaintiffs the relief requested.

Respectfully submitted,

*[signature]*
Robert A. Newcomb, #73087
Attorney at Law
P.O. Box 149
Little Rock, AR  72203
(501) 372-5577

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was mailed this 6 day of July, 2000, to Mr. David Fuqua, Attorney at Law, P.O. Box 5551, N. Little Rock, AR  72119.

*[signature]*
Robert A. Newcomb